BBROWN, C.J.,
Dissenting,
The only evidence produced about the physical characteristics of the road at the scene of the collision was presented by plaintiffs/appellants. DOTD called no witnesses at trial.
The crown of the road is designed to allow water to drain off the road. In this instance, however, ruts in the eastbound lane of the highway prevented drainage and allowed ponding. Plaintiffs expert, Duaine Evans, testified that the differentials in rut depth produced a lateral force pulling Larry Wynder’s pickup truck to the right. Wynder responded by turning back to the left and lost control of his truck. According to Evans, the depth of the ruts in the eastbound lane were in excess of limits published in DOTD’s guidelines for corrective maintenance.
According to Deputy Martin, the water was over the road when he arrived at the scene. Martin testified that there were ruts in the eastbound lane causing water to accumulate. Trooper Rachal did not contradict this testimony.
Billy Gorham was the Winn Parish maintenance superintendent for DOTD. He testified that he traveled each road in the parish every two weeks, including U.S. Highway 84 from Winnfield west to the Natchitoches Parish line. He inspected the road at that area on June 24, July 8, August 19, and September 3, 1996. At the accident site, he had seen water standing in ruts during rain conditions; however, he never got out and measured the depth of the ruts. He just looked at them when he went by. He concluded that they were not deep enough for repairs. Gorham further testified that itLwould have taken his crew only a half day to correct such defects as claimed by Duaine Evans.
No credibility issue was presented requiring a resolution of one witness’s testimony versus another’s testimony on the physical condition of the road.
The crux of the majority opinion is that “the jury could have reasonably inferred that the speed of at least one of the vehicles was far in excess of a safe speed.... Consequentially, the jury could reasonably conclude that there were factors which actually caused the accident other than the condition of the road.” (Emphasis added). This sounds like comparative fault. However, the speed of the two vehicles combined was between 80 *1126 and 100 miles per hour. Each vehicle could have easily been traveling 40 to 50 mph. It would have been speculation for the jury to have inferred that one vehicle was driving too fast for the conditions. This court should not hypothesize about what the jury may have speculated.
There is simply no reasonable basis for the jury’s conclusion. I respectfully dissent.